STONEMAN & GROSSMAN *vs.* JOHN H. LYONS.

PROVIDENCE—DECEMBER 17, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Trover.  Consignment.*

Where goods were consigned to defendant for sale, his act in selling them not only constituted no conversion thereof, but was within the scope of his authority as consignee and agent ; and the fact that he testified at the trial that he bought the goods and sold them as his own, instead of receiving them on consignment, did not constitute a conversion of those sold.

Otherwise, if a preconceived design to obtain the goods and not pay for them had been shown.

TROVER.   Heard on exceptions to ruling of District Court, and exceptions overruled.

TILLINGHAST, J.   This is trover for the conversion of certain merchandise which the plaintiffs claim was delivered to the defendant on consignment, and comes here upon exceptions to the rulings of the District Court of the Sixth Judicial District.

The plaintiffs, who are wholesale dealers in groceries and provisions, claim that they consigned three lots of merchandise to the defendant, who was a retail grocer ; that the first consignment was paid for by the defendant ; and that the second and third consignments; valued at $36.50, were delivered April 30th and May 15th, 1902, and have not been paid for.

On May 22, 1902, the defendant made a general assignment for the benefit of his creditors, whereupon the plaintiffs made demand for the goods found in defendant's store which they claimed belonged ·to them, of the value of $14.48, and for the balance of the goods alleged to have been consigned, which the defendant had sold.

(1)    The District Court found, upon the evidence submitted, "that the plaintiffs had proved that the goods were consigned ; that a demand therefor had been made ; that the

plaintiffs were entitled to decision for the value of the goods unsold at the time of the demand, and that the plaintiffs were not entitled to recover in this action the value of the goods sold."

To this last ruling the plaintiffs took an exception, claiming that the conversion took place upon the assumption by the defendant of ownership under his claim (which he made at the trial) of buying the goods on credit and selling them for his own account.   In other words, the exception is based upon the plaintiffs' contention that a decision in their favor should have been rendered for the entire value of said second and third consignments ($36.50), on the ground that under the defendant's own testimony the conversion took place upon his assumption of ownership of said goods in himself, and the sale of the goods under such assumption ; that if any act was needed other than the mental assumption of ownership, the subsequent sale supplied such necessary act.

The main question of fact presented for decision in the District Court was whether the goods alleged to have been converted by the defendant were consigned to him by the plaintiffs for the purposes of sale, or were sold to him outright.

The testimony bearing upon this question was conflicting, that offered by the plaintiffs tending to prove that the goods were consigned to the defendant, while that offered by the latter tended to prove a sale in the ordinary course of business.

The court found in favor of the plaintiffs upon this issue, and, a demand for the goods remaining in the defendant's hands at the time of making his assignment, and a refusal to deliver the same having been proven, gave decision for the plaintiffs for the value of the goods thus held by the defendant.   This finding, being purely one of fact, cannot be reviewed by this court on exceptions.   And as it is clear that upon the finding made by the District Court its decision was correct, the plaintiffs have no standing in this court.

The only exception taken was to the ruling that trover could not be maintained for that part of the goods in question which the defendant had sold.   And that this ruling

was correct, upon the finding of fact aforesaid, we fail to see how there can be any question. The goods having been consigned to the defendant for sale, as found by the court, his act in selling them not only constituted no conversion thereof, but was clearly within the scope of his authority as the plaintiffs' consignee and agent. And the mere fact that he testified at the trial that he bought the goods of the plaintiffs instead of receiving them on consignment, and sold them as his own, did not render him guilty of the conversion of those sold. His sole defence to the action was that the goods were his and not the plaintiffs'. And for us to hold that by putting in such a defence he necessarily proved himself guilty of the conversion of the goods sold, simply because the court found against him on the issue of title thus raised, would certainly be an anomalous decision. If a preconceived design on the part of the defendant to obtain the goods in question, whether by consignment or purchase, and not pay for them, had been shown, the plaintiffs would doubtless have had a good cause of action, as such conduct would clearly have been fraudulent. *Mulliken* v. *Millar*, 12 R. I. 296; *Swift* v. *Rounds*, 19 R. I. 527. See also *Hassett & Hodge* v. *Cooper*, 20 R. I. 585. But nothing of this sort appears, or is even claimed on the part of the plaintiffs; and hence we see no ground upon which they can recover in this action for the goods sold by the defendant.

Exceptions overruled, and case remanded to said District Court for judgment on its decision.

*T. M. O'Reilly*, for plaintiffs.
*John I. Devlin*, for defendant.